**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TIM PETOSKEY,
              Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
              Agency.

DOCKET NUMBER
SF-3443-16-0808-I-1

DATE: June 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan Harvey, Esquire, Vancouver, Washington, for the appellant.

Glen E. Woodworth, Esquire, Anchorage, Alaska, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant holds the position of Police Officer with the Veterans Affairs Health Care System in Seattle, Washington. Initial Appeal File (IAF), Tab 1 at 7. On August 2, 2016, the agency issued the appellant a letter of counseling based on an email he sent on July 19, 2016. IAF, Tab 6 at 35. On August 23, 2016, the agency issued him a written admonishment based on his conduct on July 27, 2016. *Id.* at 18-19, 29.

¶3 The appellant, through his attorney, filed a Board appeal challenging the letter of counseling and admonishment, and he requested a hearing. IAF, Tab 1 at 1-6.[2] On the initial appeal form, he indicated that he had not filed a whistleblowing complaint with the Office of Special Counsel (OSC). *Id.* at 5. The administrative judge issued an acknowledgment order that informed the appellant that he appeared to be challenging a letter of admonishment, which is not an appealable action. IAF, Tab 2 at 2. She ordered him to file evidence and argument showing that the matter appealed is an "otherwise appealable action" as

---

[2] The appellant also claimed to have attached a "letter of suspension," however, no such document appears in the record. IAF, Tab 1 at 4, 7-27.

defined at 5 C.F.R. § 1209.2(b)(2) or that he had first sought corrective action from OSC. *Id.* In response, the appellant alleged that the agency took disciplinary actions against him "within months" of serving as "a material witness against the interests of management" in an Administrative Board Inquiry. IAF, Tab 5 at 6. He further asserted that he "engaged in whistleblower or protected activities in that investigation," which found that "management engaged in discriminatory activity and the creation of a hostile work environment requiring corrective action." *Id.* In addition, he submitted supporting documentation. IAF, Tab 4. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 6 at 4-6.

¶4      Without holding the requested hearing, the administrative judge issued an initial decision granting the agency's motion and dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1, 4. Specifically, she found that the letter of counseling and letter of admonishment were not the type of actions that are independently appealable to the Board, and the appellant failed to establish that he exhausted his administrative remedies before OSC regarding any allegations of reprisal for whistleblowing or other protected activities, which would be a prerequisite for filing an individual right of action (IRA) appeal on such reprisal claims. ID at 3-4.

¶5      The appellant has filed a petition for review arguing that new and material evidence establishes that he exhausted his administrative remedies with OSC. Petition for Review (PFR) File, Tab 1 at 8-9. The agency has filed a response opposing the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to make a nonfrivolous allegation of Board jurisdiction over an otherwise appealable action.

¶6      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the

burden of proving the Board's jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).    Generally, an appellant is entitled to a jurisdictional hearing if he raises a nonfrivolous allegation[3] of Board jurisdiction over his appeal.  *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013).

¶7        For the reasons described in the initial decision, the appellant failed to nonfrivolously allege that the Board has jurisdiction over an otherwise appealable action.    ID at 2-4; *see* 5 U.S.C. § 7512(1)-(5); 5 C.F.R. §§ 1201.3(a), 1209.2(b)(2); *see also Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012) (stating that the Board does not have jurisdiction over discrimination claims absent an otherwise appealable action); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).  The parties do not dispute this finding on review and, based on our review of the record, we find no reason to disturb it.  PFR File, Tabs 1, 3.

The Board lacks jurisdiction over this matter as an IRA appeal.

¶8        The Board may have jurisdiction over the appellant's claims of retaliation for whistleblowing or other protected activity in an IRA appeal.[4]  *See* 5 U.S.C. §§ 1214(a)(3), 1221(a); *Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 7 (2006) (explaining that the Board has jurisdiction over whistleblower reprisal

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

[4] Effective December 27, 2012, the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, expanded the grounds on which an IRA appeal may be filed with the Board.  *See Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015).  Prior to the enactment of the WPEA, an appellant could only file an IRA appeal with the Board based on allegations of whistleblower reprisal under 5 U.S.C. § 2302(b)(8).  *Id.*  Following the WPEA's enactment, however, an appellant also may file an IRA appeal with the Board concerning alleged reprisal based on certain other classes of protected activity as defined in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D).  The relevant holdings of pre-WPEA cases that we have cited in this Final Order have not been affected by the WPEA.

claims raised in connection with an otherwise appealable action or, if the action is not otherwise directly appealable to the Board, in an IRA appeal); 5 C.F.R. § 1209.2(b)(1); *see also Massie v. Department of Transportation*, 114 M.S.P.R. 155, ¶ 13 (2010) (recognizing that an admonishment is a personnel action upon which an IRA appeal may be based); *but see Johnson v. Department of Health and Human Services*, 87 M.S.P.R. 204, ¶ 11 (2000) (finding that a memorandum of oral counseling was not a personnel action). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

¶9 The first element of Board jurisdiction over an IRA appeal is exhaustion by the appellant of his administrative remedies before OSC. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd per curiam*, 626 F. App'x 261 (Fed. Cir. 2015). Specifically, under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal. *Miller*, 122 M.S.P.R. 3, ¶ 6. The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC, but appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion of their OSC remedies with evidence regarding their initial OSC complaint and other communications with OSC concerning their allegations. *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010).

¶10 Here, we find that the administrative judge's acknowledgment order and the agency's motion to dismiss correctly informed the appellant that he needed to establish that he first sought corrective action from OSC regarding his allegations

of retaliation for whistleblowing or other protected activity in connection with actions that were not otherwise appealable. IAF, Tab 2 at 2, Tab 6 at 5. However, the appellant did not file any evidence or argument regarding this issue below. To the contrary, his initial appeal form stated that he had not filed a whistleblowing complaint with OSC. IAF, Tab 1 at 5. Thus, the administrative judge properly found that the appellant failed to establish that he exhausted his administrative remedies before OSC. ID at 4.

¶11        With his petition for review, the appellant for the first time has submitted evidence, predating his initial Board appeal, purportedly showing that he exhausted his administrative remedies before OSC. PFR File, Tab 1. Specifically, the appellant has submitted two email chains dated July 19-20, 2016, and August 24, 2016. *Id.* at 10-15. In the July 19-20, 2016 email chain, the appellant informed an OSC employee that the agency intended to suspend him on July 19, 2016, for sending an email, and he requested that someone from OSC join a "fact finding" meeting scheduled for July 21, 2016. *Id.* at 14-15. The OSC employee responded that he could request information from the agency but could not represent the appellant. *Id.* at 13. In the August 24, 2016 email chain concerning the appellant's 24-page facsimile, which is not included in this record, the OSC employee instructed another individual, who is presumably also an OSC employee, to add the information to the appellant's existing complaint under OSC File No. MA-16-1677. *Id.* at 11-12. The OSC employee then told the appellant to "[k]nock this off, please" and just send "a little" email about issues that he wanted to add to his complaint. *Id.* at 10. The appellant apologized and stated that he would send an email. *Id.*

¶12        The Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Here, the appellant's attorney asserts that the emails submitted on review were unavailable when the

record closed because their "import was not readily accessible to a lay person" and he received them from the appellant after the issuance of the initial decision. PFR File, Tab 1 at 4, 6, 8. The appellant's attorney further claims that he had been unaware of the facts and circumstances surrounding the appellant's communications with OSC in the emails. *Id.* at 7. We find that these explanations fail to show that the appellant exercised due diligence when the emails predated his initial appeal and, as discussed above, he received notice of his burden of establishing OSC exhaustion.

¶13     In addition, we find that the emails submitted on review are not of sufficient weight to warrant an outcome different from that of the initial decision because they do not establish that the appellant exhausted his administrative remedies before OSC regarding the actions at issue in this appeal.[5] Although the appellant asserted in the July 19-20, 2016 email chain that the agency unlawfully suspended him and took away his badge and credentials, he did not claim that such actions were taken in retaliation for whistleblowing or other protected activity. *Id.* at 14. Moreover, nothing in the August 24, 2016 email chain explains what additional matter was added to the appellant's existing OSC complaint or specifies the substance of his complaint. *Id.* at 10-11. Therefore, we find the emails fail to establish that the appellant provided OSC with a sufficient basis to pursue an investigation into his claims of retaliation for whistleblowing or other protected activity. *See Sabbagh v. Department of the Army*, 110 M.S.P.R. 13, ¶ 15 (2008) (finding that the appellant failed to exhaust her administrative remedy before OSC because she did not allege whistleblower reprisal before OSC regarding the

---

[5] The appellant's attorney argues and states in a declaration submitted on review that the emails concern an ongoing OSC investigation into a "form 11" matter, specifically, a "pending whistleblower action." PFR File, Tab 1 at 6-7. We assume that the appellant's attorney is referring to Form OSC-11, "Complaint of Possible Prohibited Personnel Practice or Other Prohibited Activity." *See Sabbagh v. Department of the Army*, 110 M.S.P.R. 13, ¶ 15 (2008). However, the emails submitted on review do not describe the circumstances upon which the appellant's existing complaint is based. PFR File, Tab 1 at 10-15.

claims that she raised in her IRA appeal); *see also Miller*, 122 M.S.P.R. 3, ¶ 6. Because the appellant has failed to satisfy the OSC exhaustion requirement, the Board lacks jurisdiction to consider his claims of retaliation for whistleblowing or other protected activity in an IRA appeal.[6]

¶14    Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] This Final Order does not preclude the appellant from filing a new IRA appeal with the Board's regional office after exhausting his administrative remedies before OSC. To timely file an IRA appeal, he must file with the Board within 65 days of the issuance of OSC's closure letter, or, if no closure letter has been issued, at any time after the expiration of 120 days from when he first sought corrective action from OSC. 5 U.S.C. § 1214(a)(3); *Hamley v. Department of the Interior*, 122 M.S.P.R. 290, ¶ 8 (2015); 5 C.F.R. § 1209.5(a).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

   **(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

   If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

   Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

   If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

   **(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.